upon that section and need not allege an intent to defraud any particular person. If any holding to the contrary is deducible from the case of *Williams* v. *The State*, 51 *Ga.* 535, a decision by two judges only, such holding is unsound and will not be followed.                                *Judgment affirmed.*

March 5, 1894. Argued at the last term.

Indictment for forgery. Before Judge Griggs. Bibb superior court. November term, 1893.

The indictment alleged, that Columbus Dukes did " unlawfully, falsely and fraudulently pass, pay and tender in payment, utter and publish as true and genuine, to A. Greenwood, a certain false, forged and counterfeited check on the 1st National Bank of Macon, Georgia; he the said Columbus Dukes at the time well knowing said check to have been falsely and feloniously made, forged and counterfeited, and that the same was not made and signed by said L. R. Wright, nor by any for him by his authority; said check being in word and figure as follows: 'Macon, Georgia, July 3d, 1893. First National Bank of Macon, Georgia. Pay to bearer or bearer seventeen ($17.00) dollars. (Signed) L. R. Wright.'" After conviction, defendant moved to arrest judgment, on the ground that the offence charged is forgery, but the offence attempted to be described is that of uttering a forged bank check; and that the indictment is insufficient as for uttering a forged check, because no intent to defraud any given person is alleged. The motion was overruled, and defendant excepted.

O. A. Park and J. L. Gerdine, for plaintiff in error.
W. H. Felton, Jr., solicitor-general, *contra*.

---

## Collins *v.* The State.

The evidence not absolutely requiring the verdict, the accused is entitled to a new trial for error in the charge of the court, to the effect that the jury in weighing the evidence might consider the

character of the witnesses if known to them personally.   *Chatta-nooga, Rome & Columbus R. Co.* v. *Owen*, 90   *Ga.* 266.

March 5, 1894.   Argued at the last term.          *Judgment reversed.*

Indictment for riot.   Before Judge MILNER.   Catoosa superior court.   February term, 1893.

R. J. & J. McCAMY, for plaintiff in error.

A. W. FITE, solicitor-general, by A. S. JOHNSON, *contra.*

---

NIGHTENGALE *et al.* v. THE STATE.

1. An indictment for stealing a cow sufficiently designates the species to which the animal belongs, though in lieu of the word cow it uses this phraseology: " an animal of the female sex and of that species of animals known as cattle."
2. If on a trial for larceny the jury have no reasonable doubt as to the identity of the animal alleged to have been stolen or as to any other essential fact involved in the commission of the offence, it will be no cause for acquittal that they entertain a reasonable doubt as to the truth or accuracy of some of the descriptive terms applied in the indictment to the animal.   Although a needlessly minute or comprehensive description must be proved as alleged, the superfluous elements need not be established with the same degree of certainty as is requisite touching the essentials of the case.
3. Where one kills a cow not intending to steal it, he is not guilty of cattle stealing, although immediately afterwards the *animus furandi* enters his mind and he thereupon steals and appropriates the carcass.
4. Though open to verbal criticism, the charge of the court touching the evidence of an accomplice was substantially correct.
5. The charge of the court on the subject of confessions was erroneous as applied to the facts of the case.          *Judgment reversed.*

March 5, 1894.   Argued at the last term. ·

Indictment for simple larceny.   Before Judge SWEAT. Camden superior court.   November term, 1893.

The indictment alleged that the defendants, on September 6, 1892, in Camden county, " one animal of the female sex and of that species of animals known as cattle, red in color, marked crop in each ear and branded with the letter ' P,' of the personal goods of D. R. Proc-